UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,


       -against-                                    **NOTICE OF MOTION**

                                                   Criminal Docket No.
                                                   07-CR-280 (KMK)

NICKHOULAS VITALE

                              Defendant

------------------------------------------------------------X

SIRS:

      PLEASE TAKE NOTICE, that upon the annexed affirmation of Vincent J. Romano,

duly affirmed the 28th day of June, 2007, the exhibits annexed hereto and the prior proceedings

herein, the undersigned will move the United States District Court, Southern District of New

York; Honorable Judge Karas on the 9th day of August, 2007 at 10:00 o' clock in the forenoon of

the day or as soon thereafter as counsel can be heard for an order granting the following:


I.      Motion for a bill of particulars;

II.     Motion for disclosure of grand jury transcripts;

III.    Motion to disclose any Governmental threats to witnesses;

IV.    Motion for disclosure of any Rule 404(b) evidence the Government intends to use at trial;

V.     Motion for Brady and Giglio materials;

VI.    Motion to dismiss based upon the statute of limitations.

Dated: June 28th, 2007
         Brooklyn, New York

                                                    Yours, etc.

                                                    _____
                                                    VINCENT J. ROMANO, Esq.
                                                    Attorney for Defendant
                                                    9201 4th Avenue SUITE 704
                                                    Brooklyn, New York 11209
                                                    (718) 852-5200

To: CHRISTINE WONG, A.U.S.A.
    One St. Andrew's Plaza
    New York, New York 10007

    U.S. District Court
    Criminal Clerk, S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
UNITED STATES OF AMERICA,

       -against-                               **AFFIRMATION AND
                                                        MEMORANDUM OF LAW**

                                                    Criminal Docket No.
                                                    07-CR-280 (KMK)

NICKHOULAS VITALE

                             Defendant
-------------------------------------------------------------X
         VINCENT J. ROMANO, a member of the Bar of this Court, affirms the following

under the penalties of perjury:

        1.     That I am the attorney of record for the defendant herein and I am fully

familiar with all of the facts and circumstances as revealed by the file maintained in my office. I

submit this affirmation in support of various preliminary motions made by the defendant.

        2.     That all allegations contained herein are based upon facts known to be

true and upon information and belief. The sources of such facts and information and belief are

official Court papers, conferences with the defendant and preliminary investigative work

conducted by defense counsel in connection with this case.

        3.     That on April 12, 2007, the defendant was arrested for the crimes of

Title 18, U.S.C. Section 371 and related charges.

        4.     That on April, 12, 2007 the defendant was arraigned on said criminal

charges in the United States District Court, Southern District of New York, 500 Pearl Street,

New York, New York.

5.      That the defendant entered a plea of ''Not Guilty'' to the Criminal Docket before the United States District Court, Southern District of New York.

6.      That I have conferred with the defendant in an effort to obtain information necessary for the preparation of this defense. The accusatory instrument itself contains none of the particulars requested and does not contain the specificity required for the defendant to be informed of the exact nature of the charges against which he must defend himself.

7.      That it has become apparent that the defendant and defense counsel have no independent means of obtaining precise information as to the claims to be advanced by the United States Attorney in the prosecution of the case, other than the general allegations of the indictment.

8.      That all of the information requested by defendant is necessary for the proper preparation of trial in this case and for the avoidance of delay once trial begins. Without such information defendant cannot adequately conduct a defense.

## PRELIMINARY STATEMENT AS TO DISCOVERY

Much of the relief presently sought by the defendant asks for discovery, either by production of documents and materials or by particulars. The discovery sought is essential if the defendant is to be in a position to either protect his constitutional rights or to prepare a defense.

The need for discovery in this circumstance is particularly acute due to the complexity of this case. Where a defendant is charged with having conspired, the difficulty of defending on the basis of what is first learned at trial may be insurmountable. Pretrial disclosure of the particulars of the offense charged is necessary if any effective defense is to be offered.

Other aspects of the discovery sought are essential to the protection of the defendant's constitutional rights. Defendant's right to be free of invasion by electronic surveillance and secret informers, his right against self-incrimination and his right to be indicted by Grand Jury following proper procedures cannot be protected without disclosure of what in fact the Government did. When, in fact, what the Government did is known only by the Government, pretrial disclosure is the necessary first step to effectuating a defendant's right. Numerous documents have been produced by the Government for the defense. These requests are for any documents or information not yet provided.

I.    **MOTION TO COMPEL THE GOVERNMENT TO PROVIDE A BILL OF PARTICULARS PURSUANT TO RULE 7(f)**

1.    Specific Demand:

Mr. Vitale requests with sufficient particularity the information regarding the overt act which occurred, "On or about April 17, 2002, CC-2 provided to Vitale for delivery a kickback payment in connection with the co-op city painting work." (see page 7, para. e of the indictment).

This overt act affects all four (4) counts of the indictment as it relates to defendant Vitale. The defense reasonably believes this date was carefully designed by CC-2 and others in order for the indictment to fall within the five (5) year statute of limitations. The information surrounding this particular date would mean the difference between a dismissal of the indictment as opposed to Mr. Vitale going through the stress and expense of a federal trial.

The strategically worded portion of the indictment which reads "On or About April 17, 2002" gives the Government the flexibility they needed inside the grand jury to indict Mr. Vitale; however, the Government should be held to an exact standard because of the extremely close proximity to the five (5) years statute of limitations period.

The defense requests the following:

A.  The exact date this alleged meeting took place between CC-2 and Vitale;

B.  The time the meeting took place between CC-2 and Vitale;

C.  The location of the meeting between CC-2 and Vitale on or about 4-17-02;

D.  The amount of the kickback payment allegedly given to Vitale by CC-2 on about 4-17-02;

E.  Please state if any other person was present on 4-17-02 besides CC-2 and Vitale;

F.  State the date of delivery by Vitale to CC-1 or CC-3.

2.      Legal Standard for Granting a Bill of Particulars

A bill of particulars allows a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling the defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense .." **United States v. Bortnovsky**, 820 F.2d 572, 574 (2d Cir. 1987). Under Rule 7(f), the granting of a Bill of Particulars lies within the sound discretion of the district court. **United States v. Panza**, 750 F. 2d 1141 (2d Cir. 1984). A Bill of Particulars merely allows the defendant to understand the nature of the charge, it should not be used as an investigative tool by the defendant. **United States v. Salazar**, 485 F. 2d 1272, 1277-78 (2d Cir. 1973), cert. denied, 415 U.S. 985, (1974). Therefore, "a bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused of." **United States v. Torres**, 901 F. 2d 205, 234 (2d Cir. 1980), cert. denied, 498 U.S. 906, (1990).

3.      Argument

Mr. Vitale hereby requests that the Government identify with sufficient particularity the nature of the events which occurred " On or about April 17, 2002" in order to adequately prepare for trial and prevent unfair surprise. Mr. Vitale maintains that the information sought is completely necessary and not merely helpful.

The Government has outlined 40,000 pages of documents none of which identify this critical date or explain the events which allegedly transpired on or about April 17, 2002. Please note that the Government has not fulfilled its obligation to the defense by providing a 40,000 page mountain of documents to the defense that does not contain any information of this very important date to the defense. Mr. Vitale seeks to clarify the factual event on or about April 17, 2002 in order to adequately and sufficiently prepare for trial.

## II.    REQUEST FOR INSPECTION AND DISCLOSURE OF GRAND JURY TRANSCRIPTS

Mr. Vitale moves for the disclosure of the transcripts of the Grand Jury testimony in connection with the instant indictment since the indictment may be subject to dismissal based on the expiration of the statute of limitations.

Federal Rule of Criminal Procedure 6(e), entitled "Recording and Disclosing the Proceedings" governs the disclosure of grand jury matters. Rule 6(e)(3), entitled "Exceptions" reads in relevant part:

> The court may authorize disclosure --at a time; in a manner, and subject to any other conditions that it directs -- of a grand jury matter:
>
> (i)    preliminarily to or in connection with a judicial proceeding;
>
> (ii)    at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the Grand Jury.
> Fed. R. Crim. P. 6(e) 3(E).

The defense recognizes that the grand jury testimony is secret unless the defendant demonstrates a compelling reason for such disclosure. **See: United States v. Procter and Gamble**, 356 U.S. 677,682 (1958).

Your Honor may view the indictment as being valid on its face and sufficient to warrant a trial on the merits of the case; however, the defense respectfully requests that the Court order the

defendant or Your Honor or both parties have the opportunity to inspect and examine the Grand Jury transcripts.

The factual basis is as follows: Nickhoulas Vitale was indicted for crimes that were allegedly committed between 2000 and 2002, and it is the defense's position that the indictment filed is untimely and is outside the five (5) year statute of limitations. The defense reasonably believes that the testimony given before the Grand Jury regarding the carefully worded time frame of "On or about April 17 2002" was false, misleading, and incorrect.

Mr. Vitale maintains that he withdrew from any alleged conspiracy in January, 2002 when he terminated his employer – employee relationship with Stadium Painting. Additionally, Stadium Painting was terminated in February 2002 by the Co-op City Board and the painting company's services were abruptly discontinued. This date too is outside the five (5) year statute of limitations, and should be viewed as a termination of the alleged conspiracy.

Since both of these dates operate to the detriment of the Government's theory then the Government will undoubtedly claim their dates are accurate but irrelevant and inapplicable. The defendant disagrees.

Thus, Mr. Vitale claims that based on the undisputed dates listed above, he effectively withdraw from any alleged conspiracy more than five (5) years before the instant indictment was filed. The Government's attempt to salvage this indictment by either using the testimony of CC-2 or some law enforcement agent who testified to hearsay statements that were relayed to him or her by CC-2 is unavailing.

Mr. Vitale maintains that the sole significance of "On or about April 17 2002" is an attempt to satisfy the statute of limitations by a mere six (6) days since the indictment was filed on April 11, 2007.

The defense cites **United States v. Camacho**, 939 F. Supp. 2O3, (S.D.N.Y. 1996) in which

Judge Haight ordered the Government to produce Grand Jury material for the courts' review.

Your Honor should order a review of the Grand Jury material as well since this is not a   "fishing

expedition" but based on the insufficiency of the evidence presented to the Grand Jury.


### III.    DISCLOSURE OF GOVERNMENT'S THREATS TO WITNESSES

Mr. Vitale requests that the Government disclose all threats by the Government,

expressed or implied, direct or indirect, or other coercion made or directed against witnesses, or

criminal prosecutions, investigations or potential prosecution pending or which could be brought

against the witnesses. In **United States v. Sutton**, 542 F. 2d 1239 (4th Cir.1979), the court

reversed a conviction where the prosecution told the jury that " no one threatened" a key witness,

when later cross examination revealed that a key witness was in fact threatened with prosecution.

Id at 1241-42. The court held "We perceive no difference between concealment of a promise of

leniency and concealment of a threat to prosecute". Id at 1242. Presently the defense does not

have any information that any of the Government's witnesses were threatened with prosecution.

However, to the extent that the Government is aware or becomes aware of explicit on direct

threats made against its witnesses, it must disclose those threats.


### IV.    PRE-TRIAL DISCLOSURE OF RULE 404(b) EVIDENCE

Mr. Vitale requests that the Government provide notice of 404 (b) materials, to the

extent it plans on using them at trial. Rule 404 (b) of the Federal Rules of Evidence provides that

evidence of prior crimes, wrongs or acts may be admissible to prove " motive ,opportunity,

intent, preparation, plan, knowledge, identity , or absence of mistake or accident, provided that

upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in

advance of trial."

The defense maintains that three (3) weeks prior to trial is sufficient for the Government to comply with its obligation.

## V.    PRE-TRIAL DISCLOSURE OF BRADY AND GIGLIO MATERIAL

Mr. Vitale requests an order requiring the Government to disclose materials discoverable under the Brady and Giglio doctrines at various points prior to trial.

The Government has a clear obligation under Brady to disclose any material exculpatory information in its possession, and under Giglio to disclose any material information relating to the credibility of the Government's witnesses, and the defense respectfully request that the Court ensures that the Government complies with this obligation.

We are requesting that the Government provide the Giglio material in a time sufficient for the defense to make adequate use of it prior to trial, and that the Court issue an order reflecting as to when disclosure would be reasonable for the defense to make effective use of the information provided by the Government.

Additionally, Mr. Vitale is requesting that any Brady material be disclosed when the information comes into the Government's possession.

## VI.    MOTION TO DISMISS BASED UPON THE STATUTE OF LIMITATIONS

The defendant, Nickhoulas Vitale hereby moves to dismiss the instant indictment based on the affirmative defense of withdrawing from the alleged conspiracy beyond the five (5) year statute of limitations period. Mr. Vitale now brings this pre-trial motion under Federal Rule of Criminal Procedure 12 to dismiss the indictment in its entirety as it relates to him.

The factual basis of the motion is that Mr. Vitale effectively withdrew from the alleged conspiracy, and this withdrawal occurred beyond the applicable five (5) year statute of limitations period. Thus, pursuant to Title 18 U.S.C 3282 and Fed. R. Crim. P. 12(b) the instant

indictment should be dismissed as to defendant Vitale or a hearing should be ordered on this issue.

It is factually undisputed that Mr. Vitale was a former employee of Stadium Painting, and terminated his employment in January 2002 due to non-work related injury suffered by Mr. Vitale which resulted in several years of recuperation due to various medical complications. The defense maintains that Mr. Vitale's role in the alleged conspiracy came to an end when Vitale ended his employment with Stadium Painting.

Needless to say the Government will dispute this analysis simply because the time line does not support the Government's theory and desperately need to artificially extend the statute of limitations period.

A second undisputed factual event occurred in February 2002 which was when the Co-op City Board of Directors took certain action and affirmatively discontinued their business relationship with Stadium Painting. This occurrence is also outside the statute of limitations period, and hereto the defense maintains that the conspiracy effectively ended when Stadium Painting was officially terminated by Co-op City.

The Government's theory is that the conspiracy endured beyond the February 2002 termination date and continued to 'On or about April 17, 2002". Based on the allegations in the indictment the Government's theory is that the conspiracy then came to a screeching halt two (2) months after Stadium Painting was terminated, and a mere six (6) days within the statute of limitations period.

The indictment on page 7, paragraph "e" indicates, "On or about April 17, 2002", CC-2 provided Vitale for delivery a kickback payment in connection with the Co-op City painting work. Thus the Government's theory is that CC-2 who is identified in the indictment as the owner of Stadium Painting gave a kickback payment to Vitale for delivery to CC-1 and others.

11

Following this event the conspiracy abruptly ended. It is important to note that CC-1 who was

the alleged recipient of this final kickback payment does not corroborate CC-2's time line. This

date is not memorialized in any  of the 40,000 pages of documents provided by the Government,

and this unspecified dollar amount and speculative date does not appear anywhere except in a

storyline created to satisfy the statute of limitations.

The Government will rely on the language of the indictment, and maintain that no other

inquiry or analysis is required, the defense respectfully disagrees. The critical date is strategically

written to be flexible, vague and ambiguous at the same time.

While the defense recognizes that the Court must accept all factual allegations in the

indictment as true; however, the Court may hold that the "On or about April 17, 202' language in

the indictment is an insufficient factual allegation that cannot survive a Fed. R. Crim. P. 12(b)

motion to dismiss based upon the statute of limitations.

**Wherefore**, the defense respectfully requests that the Court grant the above relief

requested or, in the alternative, order a hearing regarding the issues addressed in the above

motion.

Dated: June 28th, 2007
      Brooklyn, New York

Respectfully Submitted,

Vincent J. Romano, Esq.
9201 4th Avenue Suite 704
Brooklyn, New York 11209
(718) 852-5200
Fax:(718) 333-1246

To: CHRISTINE WONG, A.U.S.A
   U.S Attorney's Office, S.D.N.Y.
   One St. Andrew's Plaza
   New York, New York 10007

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRCT OF NEW YORK**

**IND NO.07-CR-280(KMK)**

**UNITED STATES OF AMERICA,**

                **-against-**

**NICKHOULAS VITALE**

                        **Defendant.**

**NOTICE OF MOTION**

**LAW OFFICE OF VINCENT ROMANO**
**Attorney at Law**
**Attorney for Defendant(s)**
**9201 4<sup>th</sup>ave SUITE 704**
**BROOKLYN, NEW YORK 11209**
**TEL: (718) 852-5200**
**FAX: (718) 333-1246**

13