UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X

UNITED STATES OF AMERICA

        -against-

NICKHOULAS VITALE,
                    Defendant

---------------------------------------------------X

Docket No. 07-CR-280(RJS)
United States Courthouse
Southern District of New York

March 20, 2008
2:30 o'clock p.m.

Before Honorable Richard J. Sullivan
United States District Judge
Southern District of New York

APPEARANCES:

For the Government: United States Attorney's Office, SDNY
                    AUSA Alexander Willscher

For the Defendant:    Vincent J. Romano, Esq.

# VINCENT J. ROMANO, ESQ.

9201 4ᵗʰ AVENUE, SUITE 704
BROOKLYN, NEW YORK  11209
(718 852-5200

March 5, 2008

Honorable Richard J. Sullivan
U.S. District Court, S.D.N.Y.
500 Pearl Street
New York, New York  10007

> Re: Sentencing Memorandum
> United States v. Nickhoulas Vitale
> Docket No. 07-CR-280 (RJS)

Dear Judge Sullivan:

As you are aware our office represents the above- captioned individual who is scheduled for sentencing before your Honor on March 20, 2008 at 2:30 pm.

On October 18, 2007, Mr. Vitale pled guilty before Your Honor to Count Four of a four count indictment charging a violation of Title 18 U.S.C. § 666(a)(2) and 2.

Based on a total offense Level of 10 and Criminal History Category of I, the advisory guideline imprisonment range is six (6) to twelve (12) months.  This memorandum is submitted in support of Mr. Vitale's request for the imposition of a non-guideline sentence of Probation pursuant to the Court's authority under United States v. Crosby, 397 F. 3d.103 (2d.Cir.2005).

Additionally, pursuant to the U.S. Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), the United States Sentencing Guidelines have been afforded the status which their name originally implied.  To clarify and repeat, they are simply guidelines and no longer represent legislative mandates.

Mr. Vitale is respectfully requesting that the Court impose a sentence outside the advisory guideline range and impose a sentence of Probation based upon the factors set forth in Title 18 U.S.C. § 3553(a).

Thus, in connection with the Court's decision, "*it is uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate... the crime and punishment to ensue.*" United States v. Koon, 116 S. Ct. 2035 at 2053 (1996). Thus, "*no limitation shall be placed on the information concerning the*

*background, character, and conduct of a person convicted of an offense which a Court of the Unites States may receive and consider for the purpose of imposing an appropriate sentence."* Title 18 U.S.C. §3661.

## The Pre-sentence Investigation Report

The advisory Guideline calculation in the P.S.R., is in virtual accord with the written plea agreement in this case. ( See, P.S.R. page 9, paragraphs 36 – 46). Mr. Vitale has a Category 1 Criminal history, and his only prior offense occurred in 1997 where Mr. Vitale was convicted of the traffic infraction of driving while impaired by alcohol pursuant to V.T.L. § 1192.1.

## Nature of Circumstances of the Offense

It is important to note that the instant offense did not involve any acts of actual or implied violence, it was not a narcotics related offense and no allegations existed as to any organized crime related activity.

The offense mainly involved Stadium Painting being secretly awarded a painting contract at Co-op City which is legally known as Riverbay Corporation based on a tainted sealed bidding process.

Stadium Painting then agreed to pay monetary kickbacks to Co-op City in exchange for being awarded the painting contract. The painting company fully and completely provided services to the residents of Co-op City and Mr. Vitale was a union employee who worked for Stadium Painting and was assigned to paint at union scale at Co-op City for five (5) days per week from 6:30 am to 2:30 pm.

Mr. Vitale was a salaried employee who awoke at 4:30 am every work day and traveled from Brooklyn to the Bronx which included an hour of travel time in order to work an eight (8) hour painting shift.

Mr. Vitale was not involved nor was he privy to all of the surreptitious backroom deals that took place by the conspirators who ultimately became government cooperators.

There are a number of mitigating factors that weigh heavily in favor of Mr. Vitale and support our recommendation for a non-jail disposition.

Mr. Vitale did not exercise, nor was he delegated any decision – making authority in the instant offense. He did not recruit any accomplices nor did his particular conduct require any special type of skill. Additionally, Mr. Vitale was not aware nor was he privy to the full scope or the actual nature of the charged criminal activity. He was not privy to anything which transpired behind closed doors at Riverbay Corp. (Co-op City) nor did Mr. Vitale's employer who is the owner of Stadium Painting (CW-2) fully inform Mr.

Vitale of the scope or the magnitude of the money being earned at Co-op City during the relevant time periods charged in the indictment which is nearly a full five (5) years ago.

Mr. Vitale pled guilty to driving from Brooklyn to Staten Island and picking up an envelope containing $5,000 from his employer. Mr. Vitale then took that same envelope and drove it to the Bronx and gave it to a representative of Co-op City. This conduct occurred in April of 2002, which was six (6) days prior to the expiration of the five (5) year statute of limitations when the indictment was filed.

There is no evidence that Mr. Vitale committed any other crime after this date of April 2002 and the filing of the instant indictment which includes up to the time of his federal sentencing.

Background of Mr. Vitale

Nickhoulas Vitale is 37 years old, who is presently unmarried and lives with his elderly parents at the same location at 249 Avenue P, Brooklyn, New York for the past 37 years.

Mr. Vitale is a union painter by trade and it is his primary vocation. He has been a union member of D.C. 9, Painters and Allied Trades for the past ten (10) years.

Nickhoulas Vitale's father is currently retired at age 73 and was also a union painter. Mrs. Cecilia Vitale is 72 years of age and in October 2007 underwent a liver transplant at Mount Sinai Hospital and has had extensive complications stemming from that very complicated operation.

Monica Delgado, the defendant's sister-in-law relates to the Court, *"Nickhoulas has been there for his family, helping his parents cope with this difficult and stressful medical situation. My father-in-law is also sick, and Nick has been the sole provider of transportation for the family, to and from the hospital. Nick is not only providing the means for transportation, but he is also taking care of his dad and helping with the physical therapy and recovery of his mother."* (See: Exhibit A).

Dino Vitale, the defendant's brother also addresses this topic in his missive to the Court, *"My brother provides lots of emotional and physical support to both my elderly parents – he currently lives with my parents and takes care of them, especially my mother who recently received a liver transplant in October (Mt. Sinai Hospital) and is still in hospital."* (See: Exhibit B).

In 2003, Nickhoulas Vitale suffered some serious physical injuries from a fall down a flight of stairs. These injuries included shattering bones in his left leg, including his tibia, fibia, and knee cap; as well as, tearing his left rotator cuff. He went through extensive surgeries was then released from the hospital, but developed a serious infection which resulted in his re-hospitalization. It is important to note that it took 18 months of

physical therapy and rehabilitation in order for Mr. Vitale to walk and function properly. As of 2008 he is only approximately 80% healed. (See: page 11, paragraph 58 of PSR).

The instant offense represents Mr. Vitale's first felony conviction in which the offense conduct took place in April 2002. There are no allegations that my client committed any type of crime beyond this date.

Mr. Vitale's parents are your quintessential Italian immigrants who came to the United States for a better life. The defendant's father labored his entire adult life and well into his sixties, and has no criminal record. The defendant's brother Dino Vitale is 41 years old, married and is employed at the IT department of Citigroup, he also does not have any criminal record.

It is respectfully submitted that the Vitale family are a law-abiding family who believe in family values and hard work.

Nickhoulas Vitale is also a very religious person, and donates his services every Sunday at St. Athanasius Church. The Reverend Monsigner David L. Cassato eloquently writes in his letter, *"Nicholas attends mass and receives Holy Communion every Sunday. He is an Usher in charge with taking up the Sunday collection at Mass. He is very good to all the people when he greets the parishioners entering and leaving Church."* (See: Exhibit C).

Thus the Monsigner's letter collaborates Mr. Vitale's strong religious beliefs, his consistent dedication to the Church and his community as well. A true testament to a person's character is doing the right thing when no one is watching. Eventhough Mr. Vitale's life is currently under a lot of scrutiny and he is facing sentencing before your Honor on March 24, 2008, he has consistently demonstrated his community awareness and assistance on a weekly basis through his active involvement with the Church.

I reasonably believe based on my representation of Mr. Vitale that he would not experience problems with recidivism and that the public does not require a degree of protection from Mr. Vitale because of any threat of future crimes.

Maria Portuesi, the defendant's aunt in Exhibit D attests to her nephew's moral character and that he is an upstanding and moral person.

Louis Calarco relates in his letter to the Court, *"Nicky has always displayed a high degree of integrity, responsibility, and ambition."* (See: Exhibit E).

Conclusion

The defense would reasonably conclude that Nickhoulas Vitale's conduct in this case which occurred in 2002 was an aberration from an otherwise law abiding life of both himself and his family. In the post Booker, era, the imposition of a guideline sentence is

no longer mandatory.  This Court now has the discretion, in appropriate cases, to *"impose a sentence sufficient, but not greater than necessary"*, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. (See: Title 18 U.S.C. §3553(a)).  In this case, for all the reasons set fourth above, a sentence of probation would constitute such a sentence.

Thank you very much for your time and consideration.

Respectfully Submitted,

Vincent J. Romano

Cc: AUSA Alexander Willscher

# EXHIBIT A

Honorable Judge Robert J. Sullivan

U.S. District Court, S.D.N.Y.

500 Pearl St., 21st fl.

New York, NY 10007

*Re: United States vs. Nickhoulas Vitale*

*Criminal Docket No. 07-CR-280 (RJ)*

January 14, 2008

Dear Judge Sullivan:

I am writing this letter on behalf of my brother-in-law Nickhoulas. His main concern throughout this ordeal has been the care of his family. Specially now that his mother has recently undergone a liver transplant.

Nickhoulas has been there for his family, helping his parents cope with this difficult and stressful medical situation. My father-in-law is also sick, and Nick has been the sole provider of transportation for the family, to and from the hospital. Nick is not only providing the means for transportation, but he is also taking care of his dad and helping with the physical therapy and recovery of his mother. That includes daily hospital visit. His assistance is paramount for the recovery of his mother.

I hope this letter can provide an indication of his importance and commitment to his family and consideration for leniency so he can continue to provide the critical assistance to his mother.

Sincerely,

Monica Delgado

# EXHIBIT B

Honorable Judge Robert J. Sullivan
U.S. District Court, S.D.N.Y.
500 Pearl St., 21st fl.
New York, NY 10007

Re: United States vs. Nickhoulas Vitale
Criminal Docket No. 07-CR-280 (RJ)

January 13, 2008

Dear Judge Sullivan:

I am the brother of Nickhoulas and wanted to provide a few words on his character and importance to our family.

My brother provides lots of emotional and physical support to both my elderly parents – he currently lives with my parents and takes care of them, especially my mother who recently received a liver transplant in October (Mt. Sinai Hospital) and is still in hospital. My brother has been responsible on a daily basis to take my father and elderly aunts from Brooklyn to Mt. Sinai (100th St. & Madison Ave in NYC). My dad is over 70 years old and also suffers from bad heart (4 stents) and solely relies on my brother for assistance in helping our mother recovery from major medical condition (e.g. take mom/dad to therapy, pick-up medications…).    Additionally he does many daily tasks like food shopping and taking care of 2 dogs to assist my parents.

He has put his own priorities and needs aside to attend to the needs of our parents despite having his own major issues he is currently dealing with.

Nickhoulas also takes the time to assist in the community and is an active volunteer in his parish (St. Athanasius) as an usher and assistance for church activities (Christmas set-up, church fair…).

Please allow some leniency so he can continue his family responsibilities in helping my parents and attending to our mother's recovery.  Thank-you for taking these factors into consideration in helping our family cope with difficult times.

Sincerely,

Dino A. Vitale

# EXHIBIT C

st. athanasius church

2154 61st street

brooklyn, new york 11204

tel: (718) 236-0124 • fax: (718) 236-4960



April 24, 2007

In Re: Nicholas Vitale
249 Avenue P
Brooklyn, New York 11204

To Whom It May Concern,

I am writing this letter in behalf of Nicholas Vitale, of my parish. I have known Nicholas for the last six years and I have had a great relationship with him.

Nicholas attends Mass and receives Holy Communion every Sunday. He is an Usher in charge with taking up the Sunday collection at Mass. He is very good to all the people when he greets the parishioners entering and leaving Church.

Nicholas has helped to decorate the Church for the Holy days. Nicholas comes from a good family. Family values are important to him. I am deeply in his favor.

If I may be of any further assistance, please call me at the above-indicated telephone number.

Respectfully yours,

Rev. Msgr. David L. Cassato
PASTOR

# EXHIBIT D

**MARIA PORTUESI**
**2080 East 1 Street**
**Brooklyn, New York 11223**

Honorable Robert J. Sullivan
US District Court (S.D.N.Y)
500 Pearl Street
21st Floor
New York, NY 10007

Re:    US vs. Nicholas Vitale
       Criminal Docket 07CR-Z80 (RJS)

October 29, 2007

Your Honor:

I am Nicholas Vitale's aunt and have known him for his entire life. As one of many family relatives who has seen Nicholas grow up and become a responsible young man, I would like to attest to his moral character and am writing today to request that you consider leniency as you prepare to determine the kind of sentencing my nephew deserves.

Nicholas is devoted to his family and his mother, father and Aunt Anna, all of whom live with Nicholas, and are dependent on him in many respects. Earlier this month, my sister Cecilia, who is Nicholas's mother, underwent a liver transplant, for which she is still at Mount Sinai Hospital recuperating. Nicholas has been the model son, chauffeuring many family members, including myself, to and from the hospital to our homes in Brooklyn. His father has been reliant on him for emotional support and he has risen to the task and assists his parents any way he can. I believe that Nicholas's central role in his family's well being and his mother's recovery would be compromised if his freedom were curtailed in any way. His mother is at a critical stage in her recovery and I ask that you consider this as you determine his sentencing.

My husband, Joseph, passed away earlier this year and he was very fond of Nicholas. In turn, Nicholas came to visit often, providing my husband with relief from his pain as he became increasingly ill. I will forever be grateful to my nephew for providing my husband with some level of comfort during his last days. This is an example of the kind of upstanding and moral person that is my nephew Nicholas. He is a very generous and gregarious young man and he takes it upon himself to ensure everyone's comfort and joy.

If I may be so humble as to ask that you consider all these things as you determine Nicholas's fate. I thank you in advance for your thoughtful consideration.

Respectfully submitted,

# EXHIBIT E

Louis Calarco
1588 W. 5th Street
Brooklyn, New York 11204
January 12, 2008

Hon. Robert J. Sullivan
U.S. District Court, S.D.N.Y
500 Pearl Street, 21st Floor
New York N.Y

        Re: United States Vs Nickholas Vitale
        Criminal Docket No. 07-CR-Z80 (RJ)

Dear Judge Sullivan:

It is with great pleasure that I can vouch for Nicky Vitale. I have known him since he was a small boy; His mother has recently been very ill due to a liver transplant and if Nicky is not around to help his family in this time of trouble it would put great stress on his family which would cause his mother great heart aches at a time when she is in a very weakened condition and is expected to come home soon.  I have been close friends with his family and have found them to be honorable hard working people. They have been fine neighbors.

Nicky has always displayed a high degree of integrity, responsibility, and ambition. He is a good worker and has done some work for me in the past which I found to be a very satisfactory, he is an honest worker. He has shown great sympathy towards other people when a problems arise and is willing to help in whatever way possible.

Nicky has been an usher in our parish of St. Athanasius for some years his good judgment and mature outlook ensure a logical and practical approach to his endeavors. He has been active in decorating the church for Christmas which shows he is community oriented .

Sincerely,

Louis Calarco