45B   (Rev. 06/05) Judgment in a Criminal Case
      Sheet 1

# UNITED STATES DISTRICT COURT

                SOUTHERN                District of              NEW YORK

UNITED STATES OF AMERICA                **JUDGMENT IN A CRIMINAL CASE**
            V.
      NICKHOULAS VITALE
                                        Case Number:      07 CR 280-02(RJS)

                                        USM Number:       59897-05

                                        Vincent Romano, Esq.
                                        Defendant's Attorney

**THE DEFENDANT:**

x  pleaded guilty to count(s)   4 of the Indictment.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 666(C)(F) | Bribery concerning programs receiving federal funds | | 4 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

x  Count(s)   Remaining        ☐ is    x are dismissed on the motion of the United States.
☐ Underlying Indictment(s) _____   ☐ is   ☐ are dismissed on the motion of the United States.
☐ Motion(s) _____           ☐ is   ☐ are denied as moot.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Judgment

_____
Signature of Judge

Richard J. Sullivan, U.S.D.J.
Name and Title of Judge

July 21, 2008
Date

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/08

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page _____ of _____

DEFENDANT:      NICKHOULAS VITALE
CASE NUMBER:    07 CR 280-02(RJS)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:   three months.

X  The court makes the following recommendations to the Bureau of Prisons:
   The Court notes the defendant's request to be designated to a facility in the northeast or Ft. Dix, due to family circumstances.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
   ☐  at _____  ☐ a.m.  ☐ p.m.  on _____ .
   ☐  as notified by the United States Marshal.

X  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   x   before 2 p.m. on   September 8, 2008   .
   ☐   as notified by the United States Marshal.
   ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page _____ of _____

DEFENDANT: NICKHOULAS VITALE
CASE NUMBER: 07 CR 280-02(RJS)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

three years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: NICKHOULAS VITALE
CASE NUMBER: 07 CR 280-02(RJS)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall comply with the conditions of home confinement for a period of three months. During this time, the defendant shall remain at his place of residence except for employment and other activities approved by his probation officer. The defendant shall maintain a telephone at his place of residence without call forwarding, a modem, caller ID, call waiting, or portable cordless telephones for the above period. At the direction of his probation officer he shall wear an electronic monitoring device and follow electronic monitoring procedures specified by your probation officer. Home confinement shall commence on a date to be determined by the probation officer. The defendant shall pay the costs of home confinement on a self payment or copayment basis as directed by the probation officer.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant is to report to the nearest Probation Office within 72 hours of release from custody.

The defendant shall be supervised by the district of residence.

DEFENDANT: NICKHOULAS VITALE
CASE NUMBER: 07 CR 280-02(RJS)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ _____ $0.00 | $ _____ $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page _____ of _____

DEFENDANT: NICKHOULAS VITALE
CASE NUMBER: 07 CR 280-02(RJS)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☒  Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
$ 10,000.00. Order of forfeiture signed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                   :
UNITED STATES OF AMERICA           :
                                   :
          -v.-                     :      ORDER OF FORFEITURE
                                   :
NICKHOULAS VITALE,                 :      07 Cr. 0280 (RJS)
   a/k/a "Nicky,"                  :
              Defendant.           :
                                   :
- - - - - - - - - - - - - - - - - -x
```

   WHEREAS, on or about April 11, 2007, NICKHOULAS VITALE, a/k/a "Nicky" (the "defendant"), was charged in a four-count Indictment, 07 Cr. 0280 (RJS) (the "Indictment"), with, among other things, a violation of 18 U.S.C. §§ 666(a)(2) and 2 (Count Four); and

   WHEREAS, the Indictment included a forfeiture allegation seeking, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in the Indictment; and

   WHEREAS, on October 18, 2007, the defendant pled guilty to Count Four of the Indictment, pursuant to a plea agreement with the Government; and

   WHEREAS, under the terms of the plea agreement, the defendant admitted the forfeiture allegation in the Indictment, and agreed to forfeit $10,000.00 to the United States,

1

representing the criminal proceeds resulting from his participation in his crime; and

WHEREAS, on July 9, 2008, the defendant was sentenced and ordered to a forfeiture money judgment in the amount of $10,000.00 in United States currency, representing the criminal proceeds from the defendant's participation in the crime charged in Count Four; and

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense alleged in Count Four of the Indictment, for which the defendant pled guilty, a money judgment in the amount of $10,000.00 shall be entered against the defendant.

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final as to the defendant, NICKHOULAS VITALE, at the time of sentencing and shall be made part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production

of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrews Plaza, New York, New York 10007.

5. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

6. The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney, Anna E. Arreola, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       July 21, 2008

SO ORDERED:

_____
HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

3